25 Del.]     ARNOLD vs. THE SENTINEL PRINTING CO.     177

Syllabus.

JAMES ARNOLD *vs.* THE SENTINEL PRINTING COMPANY, a corporation of the State of Delaware.

1. CORPORATIONS—SERVICE OF SUMMONS ON PERSON AS PRESIDENT—SETTING ASIDE—DISCLOSURE.

A motion to set aside service of a summons on a person as president of defendant corporation, on the ground that he is not its president, should disclose who the president is, or some other officer on whom service may be had, or show that there is no such officer.

2. CORPORATIONS—SERVICE OF SUMMONS ON PERSON AS PRESIDENT—SETTING ASIDE—DISCLOSURE.

The petition of the manager of defendant corporation to set aside service of summons on W. as its president, supported by W.'s affidavit that he is not and was not its president, and the manager's affidavit that he does not know who are its president and directors, and that to the best of his knowledge and belief there are none, should be granted, unless plaintiff satisfies the court that such statements are untrue.

Del. Cases followed: *Grier v. Arlington Mills Mfg. Co.*, 1 *Penn.* 581 and *McGrath v. W. & N. C. E. Ry. Co.*, (*N. C. Co. unreported*).

*Woolley's Delaware Prac. Sec.* 213, *p.* 148.

(*October* 26, 1910.)

PENNEWILL, C. J., and WOOLLEY, J., sitting.

*Caleb S. Layton, Jr.*, for the rule.

*William M. Hope, contra.*

Superior Court, Kent County, October Term, 1910.

SUMMONS CASE (No. 25, October Term, 1910). Rule to show cause why the service of summons made upon D. M. Wilson as president of The Sentinel Printing Company should not be vacated, issued upon motion supported by the affidavit of the person served to the effect that he is not and was not president of the defendant company at the time said process was served upon him.

PENNEWILL, C. J., delivering the opinion of the court:

In the matter of the rule to show cause why the service of

the summons made upon D. M. Wilson as President of ·The Sentinel Printing Company in the suit of James Arnold against said company, should not be vacated, the court have reached a conclusion which is based upon the authority of one reported and one unreported case in which the court ruled upon a similar question, viz. :—

*Grier vs. Arlington Mills Mfg. Co.,* 1 *Penn.* 581, and *McGrath vs. W. & N. C. E. Ry. Co.*

These two cases are referred to in *Woolley's "Delaware Practice," p.* 148, in the following language:

"If the service is made upon an officer of a corporation, other than such an officer contemplated by the statute, the court will, on motion set the return aside, or if the return shows that service was made upon a director of a corporation, when by petition and affidavit it is shown to the court that the president is a resident of the State, the court will vacate the return. But in such a case the petition must disclose the name and residence of the president, upon the principle of a plea in abatement, or the court will dismiss the petition and refuse to annul the return."

Such being the rule heretofore declared by the court, and which is a very reasonable one, we think the same should be followed in the present case. There has been no petition filed in the case, but simply an oral motion to quash the service, said motion being based upon an affidavit of D. M. Wlison which avers that he was not at the time of the alleged service the president of the defendant company. But in the absence of a petition filed by the company and which if filed, must have disclosed the name of the president of the company, if the person served was not such officer, we think the company should furnish such information to the plaintiff before the service is quashed.

We recoginze the difficulty that counsel for the rule may have in complying with this requirement. He may not be in the possession of such knowledge, and therefore unable to impart the information. But he makes his motion in behalf of the defendant company, and could not do otherwise because Mr. Wilson individually has no status in the proceeding. He is not a party. The motion being made by the company, for whom counsel was given

leave to appear, we must assume the company knows who is its president, or if there is no such officer, has knowledge of that fact.

We, therefore, hold that the service cannot be quashed until the company discloses, either who is its president, or other officer upon whom service can be made, if any such there be If there be no president or other such officer, that fact should be shown.

We regard the motion before the court, as we would the petition if filed, in the nature of a plea in abatement, and subject to the rules applicable to such a plea.

Since the above ruling a petition has been filed, and this should have been done in the first instance. Such petition is as follows:

"That The Sentinel Printing Company was organized as a corporation under *Chapter* 147, *Volume* 17, *Laws of Delaware*, entitled 'an Act concerning Private Corporations, passed at Dover, March 14, 1883.'

"That your petitioner does not know who are the President and Directors of said Company, and to the best of his knowledge and belief there is no President nor Board of Directors of said Company.

"That it has come to the knowledge of your petitioner that Daniel M. Wilson, who was served with a writ of summons in the above mentioned case, as President of said Company, has made an affidavit duly sworn to according to law, that he is not the President of said Company, and was not such at the time of the institution of the above mentioned suit.

"Your petitioner therefore prays the Court that the return of the Sheriff of Kent County in the above mentioned suit be quashed for the reason that it appears from the affidavit of Daniel M. Wilson, above mentioned, that he is not the President of said defendant Company.

"And your petitioner will ever pray," etc.

"EDWARD B. LOUDERBOUGH,
*Manager of The Sentinel Printing Company*"

All the facts having now been shown by the affidavit and petition which can be reasonably required, we think the service should be quashed unless the plaintiff can satisfy the court that the statements contained in said affidavit and petition are untrue.

(The rule to show cause was subsequently withdrawn upon application of counsel for the rule.)